HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, ex rel., TOM BECK,

    Plaintiff,

    v.

CH2M HILL,

    Defendant.

Case No. C13-787-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff/Relator Tom Beck's Motion to Continue the Trial and Related Dates. Dkt. # 51. For the reasons that follow, the Court **GRANTS** Beck's motion.

## II. BACKGROUND

The Court has described the allegations in this action in a previous order. Dkt. # 47. In short, Beck alleges that Defendant CH2M Hill ("CH2M") made false claims for payment to the U.S. Air Force in violation of the False Claims Act, 31 U.S.C. § 3279. Filed under seal in May 2013, the complaint was unsealed in April 2015 after a two-year investigation by the Government, which declined to intervene. Dkt. ## 1, 21.

Discovery commenced shortly thereafter. On July 27, 2015, the Court entered a scheduling order setting a trial date and pretrial deadlines. Dkt. # 34. On July 30, 2015, Beck served his first set of discovery requests. Although CH2M began taking steps

ORDER – 1

toward producing responsive documents, it halted this process in November 2015 when it decided to file a motion to dismiss. Beck did not agree to a stay of discovery during the pendency of the motion to dismiss. The parties submitted a joint submission outlining their positions on whether discovery should be stayed. Dkt. # 43. On March 10, 2016, the Court granted in part and denied in part CH2M's motion to dismiss, and denied as moot CH2M's request to stay discovery. Dkt. # 47.

CH2M promptly resumed its document collection process. On May 3, 2016, the parties reached an agreement concerning the search terms that CH2M would use to gather responsive documents. On May 20, 2016, CH2M produced an initial set of documents. On June 27, 2016, it produced a much larger set consisting of approximately 54,000 documents and amounting to more than 300,000 pages. Over the following months, the parties continued to engage in discovery.

Now, Beck seeks to continue trial, which is scheduled to commence on May 8, 2017, until October 30, 2017. Dkt. # 51. CH2M opposes the motion. Dkt. # 54.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 16 permits the Court to modify a case schedule "only for good cause." Fed. R. Civ. P. 16(b)(4). The "good cause" standard primarily considers the diligence of the party seeking the amendment of the deadlines. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

### IV.  DISCUSSION

Beck has established good cause for modifying the case schedule. He diligently served his first set of discovery requests in July 2015, yet did not receive the bulk of responsive documents until June 2016. The substantial intervening period between request and production was due in large part to CH2M's unilateral decision to suspend

ORDER – 2

discovery pending the resolution of its own motion to dismiss.  This decision—which Beck actively opposed and was not endorsed by the Court—delayed discovery from November 2015 until March 2016.  Beck is entitled to a corresponding continuance of trial and related pretrial deadlines.

## V.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Beck's Motion to Continue the Trial and Related Dates.  Dkt. # 51.  **The Court sets trial to begin on October 2, 2017.** The Court will enter a subsequent order rescheduling all related pretrial deadlines. Without disclosing the details of any settlement discussions, the Court further **ORDERS** the parties to submit a report on the status of mediation **by March 1, 2017**.

DATED this 13th day of February, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 3